UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SHALOM AMAR, et al.,

         Plaintiff(s),

v.

LSREF 2 APEX 2, LLC, et al.,

         Defendant(s).

2:12-CV-969 JCM (RJJ)

**ORDER**

Presently before the court is defendant LSREF2 APEX2 LLC's (APEX2) motion to dismiss. (Doc. # 5).[1] Plaintiffs Shalom Amar, as trustee, and Shalom Amar Revocable Trust 2000 have filed an opposition (doc. # 15), and APEX2 replied (doc. # 21). Also before the court is defendants Marcus & Millichap Real Estate Investment Services and Evan Griffith's (M&M defendants) motion for judgment on the pleadings. (Doc. # 10). Plaintiffs filed an opposition (doc. # 16), and the M&M defendants replied (doc. # 22).

Also before the court is plaintiffs' motion for declaratory judgment. (Doc. # 1, Ex. 5). Defendants filed oppositions (docs. # 9, 11), and plaintiffs replied (doc. 26). APEX2 filed a motion to strike plaintiffs' reply in support of their motion for declaratory judgment (doc. # 28), plaintiffs have not filed an opposition. And lastly before the court is plaintiffs' motion for a hearing on plaintiffs' motion for declaratory judgment. (Doc. # 27). APEX2 filed an opposition (doc. # 29), and

---

[1] APEX2 has also filed a notice of supplemental authority in support of its motion to dismiss. (Doc. # 25).

**James C. Mahan**
**U.S. District Judge**

plaintiffs have not replied.[2]

As a preliminary matter, the court acknowledges that is has proper subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. APEX2 improperly identified Griffith as having Nevada citizenship (doc. # 1, ¶ d), and thus removal would have been improper pursuant to 28 U.S.C. § 1441(b). The M&M defendants, however, joined the petition for removal (doc. # 4), which represented that Griffith is a citizen of Massachusetts. Based on the M&M defendants' representations, the court finds that defendants have met their burden of showing existence of complete diversity between adverse parties. Therefore, the court proceeds to the motions currently pending before the court.

I.   **Background**

This dispute arises from plaintiffs' purchase of a 32-unit apartment building located at 589 Sierra Vista Drive, Las Vegas Nevada ("the subject property"). (Doc. # 1-4, ¶¶ 9, 13). Plaintiffs purchased the property as an investment. (Doc. # 1-4, ¶ 14). Amar, as trustee, was residing in Hawaii at the time of the sale and never visited the subject property. (Doc. # 1-4, ¶¶ 14, 15). Plaintiffs allege that seller, APEX2, represented that 26 of the 32 units were rented and generated a monthly cash flow of $11,030. (Doc. # 1-4, ¶ 14). Plaintiffs allege that in actuality, more than 16 of the units were vacant and that the cash flow was $4,695. (Doc. # 1-4, ¶ 17). Defendants, including the broker, Marcus & Millichap Real Estate Investment Services, and the agent, Griffith, knew that Amar could not verify the occupancy rate and utilized his distance to "perpetuate the fraud." (Doc. # 1-4, ¶ 25). Plaintiffs allege that based upon defendants' misrepresentations, plaintiffs entered into a purchase and sale agreement with defendants for the sale of the subject property. (Doc. # 1-4, ¶ 16).

Plaintiffs' original complaint asserted twelve causes of action: (1) actual fraud/false representation, (2) fraud in the inducement, (3) rescission/cancellation, (4) civil conspiracy, (5) violation of NRS 645.252 *et seq*., (6) violation of NRS 645.635(2), (7) breach of implied covenant of good faith and fair dealing, (8) conversion, (9) unjust enrichment, (10) negligence, (11)

---

[2] The court acknowledges that plaintiff has filed an amended complaint (doc. # 17); however, because the amended complaint is procedurally improper, the court considers only the original complaint for the purpose of addressing the pending motions before the court.

**James C. Mahan**
**U.S. District Judge**

- 2 -

declaratory judgment NRS 30.010 *et seq.*, and (12) punitive damages (*See generally* doc. # 1-4).

## II. Motions

### A. Apex's motion to dismiss (doc. # 5)

#### I. Legal standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

1   The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. July 25, 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

Rule 9 provides that for a party to allege fraud, he "must state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). Assertions of fraud must include "the who, what, when, where, and how" of the misconduct alleged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Rule 9 serves several purposes, including: (1) providing defendants with adequate notice so they are able to defend the charge and deter plaintiffs from filing complaints "'as a pretext for the discovery of unknown wrongs'; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to 'prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (quoting *In re Stac Elecs. Sec Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996)(citation omitted)).

### ii.   Discussion

APEX2's motion to dismiss seeks to dismiss all of plaintiffs' claims for relief. (Doc. # 5). However, plaintiffs' response references their procedurally-improper amended complaint, stating that plaintiffs intend to bring only three causes of action: (1) fraudulent misrepresentation, (2) fraudulent inducement, and (3) fraudulent concealment. (Doc. # 15, 4:4-6). Therefore, the court construes plaintiffs' statement as voluntarily dismissing their other causes of action and the court dismisses those causes of action not addressed in plaintiff's response with prejudice. *See* Local Rule 7-2. The court therefore only addresses plaintiffs' fraud causes of action.

James C. Mahan
U.S. District Judge

- 4 -

1    Plaintiffs' original complaint alleges that "[d]efendant's [*sic*] knowingly misrepresented the
2  vacancy rate and cash flow for the subject property with knowledge of its falsity and knowledge of
3  the effect of the concealment would induce [plaintiffs] to enter into a [*sic*] the Purchase and Sale
4  Agreement." (Doc. # 1-4, ¶ 30). Further plaintiffs allege that APEX2 "provided [plaintiffs] with a
5  false Rent Roll report" (doc. # 1-4, ¶ 37), "inflated the property's income" (doc. # 1-4, ¶ 38), and
6  "utilized the false Rent Report Analysis" (doc. # 1-4, ¶ 39) to induce plaintiffs to purchase the
7  subject property.

8    Plaintiffs contend that they are entitled to a "relaxed standard" under Rule 9 because "the
9  circumstances surrounding the transaction are solely in defendant's [*sic*] knowledge . . . ." (Doc. #
10 15, 6:15-16). Plaintiffs rely on *Neubronner v. Milken*, 6 F.3d 666 (9th Cir. 1993), and *Rocker v.
11 KPMG LLP*, 148 P.3d 703 (2006) *abrogated by Buzz Stew, LLC v. City of N. Las Vegas*, 181 P.3d
12 670 (2008), for the contention that if the court allows, plaintiffs may amend their complaint to plead
13 fraud with particularity following discovery. However, even if the "relaxed standard" is applied, "a
14 plaintiff who makes allegations on information and belief must state the factual basis for the belief."
15 *Aloua v. Aurora Loan Services, LLC*, 209-CV-00207KJDRJJ, 2010 WL 2555648 (D. Nev. June 23,
16 2010) (*citing Neubronner*, 6 F.3d at 672).

17   Plaintiffs' original complaint, however, falls short of the particularity requirement when
18 pleading fraud under Rule 9(b). Plaintiffs fail to identify who made the fraudulent statements, when
19 and where the statements were made, and what was fraudulent about the statements. *See Vess*, 317
20 F.3d at 1106.[3] Even under the "relaxed standard," the court finds that plaintiffs' original complaint
21 has not sufficiently stated a factual basis for their belief that defendants have engaged in fraud. *See
22 Neubronner*, 6 F.3d at 672.

23   Thus, the court dismisses plaintiff's fraud causes of action (fraudulent misrepresentation,
24 fraudulent inducement, and fraudulent concealment) against APEX2 without prejudice.

25   . . .

---

[3] To the extent that plaintiffs' response to APEX2's motion relies on their procedurally-improper amended complaint, the court disregards these arguments.

### B. M&M defendants' motion for judgment on the pleadings (doc. # 10)

#### I. Legal standard

Motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) are "functionally identical" to motions for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). The primary difference between the two is that a "Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole, and not merely the complaint." *Amerson v. County of Clark*, 2011 WL 4433751, *1-2 (D. Nev. September 21, 2011) (*citing Aponte-Teorres v. Univ. of Puerto Rico*, 445 F.3d 50, 54-55 (1st Cir. 2006).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal quotation marks omitted). Dismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint that alleges only "labels and conclusions" or a "formulaic recitation of the elements of the cause of action" will not survive dismissal. *Twombly*, 550 U.S. at 555 (2007).

#### ii. Discussion

The M&M defendants state that they join and adopt APEX2's arguments regarding plaintiffs' fraud and related claims. (Doc. # 11, 14). Further, plaintiffs state that they incorporate their response to APEX2's motion to dismiss in their response to M&M defendants' motion for judgement on the pleadings. (Doc. # 16, 2:20-12). Thus, the court's analysis of plaintiffs' complaint under Rule 12(c) is limited to those arguments made by APEX2 and plaintiff in APEX2's motion to dismiss.

Provided that Rule 12(c) motions are "functionally identical" to motions for failure to state a claim under Rule 12(b), *see Dworkin*, 867 F.2d at 1192, the court finds that its analysis of plaintiffs' fraud causes of action as to APEX2 also applies here. Thus, the court dismisses plaintiffs' fraud causes of action (fraudulent misrepresentation, fraudulent inducement, and fraudulent concealment) against the M&M defendants without prejudice.

. . .

### C. Plaintiffs' motion for declaratory judgment/rescission (doc. # 1-D)

#### I. Legal standard

In Nevada, "the decision to fashion and grant equitable remedies lies within the discretion of the district court." *Tropicana Pizza, Inc. v. Advo, Inc.*, 238 P.3d 861 (2008). "[T]he question of whether or not a rescission shall be granted rests largely in the sound discretion of the court." *Canepa v. Durham*, 153 P.2d 899, 903 (Nev. 1944) *supplemented*, 155 P.2d 788 (Nev. 1945). "A party to a contract may seek a rescission of [a] contract based on fraud in the inducement." *Awada v. Shuffle Master, Inc.*, 173 P.3d 707, 713 (Nev. 2007). "Rescission is an equitable remedy which totally abrogates a contract and which seeks to place the parties in the position they occupied prior to executing the contract." *Id.* (*citing Bergstrom v. Estate of DeVoe*, 854 P.2d 860, 861 (Nev. 1993).

#### ii. Discussion[4]

Plaintiffs seek declaratory judgment for rescission of the purchase and sale agreement based on defendants' fraud in the inducement. (Doc. # 1-D). Plaintiffs are asking the court to declare the contract void based under the equitable principal of rescission. (Doc. # 1-D, 9: 4-5). Plaintiffs rely on *Awada*, 173 P.3d 707, to establish that plaintiffs are entitled to rescission of the purchase and sale agreement. At this early stage, however, it appears that plaintiffs' motion, does not appear to seek a preliminary injunction but instead a predetermination on the merits.[5]

"A preliminary injunction is not a preliminary adjudication on the merits, but a device for preserving the status quo and preventing the irreparable loss of rights before judgment." *Textile Unlimited, Inc. v. A..BMH & Co., Inc.*, 240 F.3d 781 (9th Cir. 2001) (*citing Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984)). The court does not find that rescission of the purchase and sale agreement would preserve the status quo. Thus, the court denies plaintiffs'

---

[4] The court notes that it does not consider plaintiffs' reply (doc. # 26) for the purposes of determining whether granting declaratory relief is appropriate. The reply is sixty days late and plaintiffs failed to seek an extension of time to permit such a late filing. Further, plaintiffs' reply is premised on plaintiffs' procedurally-improper amended complaint, that the court does not consider here. Thus, the court grants APEX2's motion to strike. (Doc. # 28).

[5] Plaintiffs rely on NRS 30.010 *et seq.*, the Uniform Declaratory Judgment Act, for the court to "declare rights, status and other legal relations . . . ." NRS 30.030.

motion for declaratory judgment as premature since plaintiffs have not yet established that they are entitled to rescission based on fraud in the inducement.

Further, to the extent that a preliminary injunction is sought, the court finds that plaintiffs are unable to establish that they are likely to prevail on the merits of the fraud causes of action as demonstrated by the court's dismissal of these causes of action under Rule 9(b).

Based on the foregoing, the court denies plaintiffs' motion for declaratory judgment for rescission of the purchase and sale agreement.[6]

### D.  Plaintiffs' amended complaint (doc. # 17)

Plaintiffs filed an amended complaint (doc. # 17) beyond the time period in which plaintiffs were permitted to amend their complaint as a matter of course. *See* FED. R. CIV. P. 15(a)(1)(A). Further, plaintiffs did not seek leave of the court before amending their complaint. *See* FED. R. CIV. P. 15(a)(2). For these reasons, the court strikes plaintiffs' amended complaint (doc. # 17).

Although plaintiffs made numerous statements that plaintiffs' amended complaint was intended to help the efficiency of the court, the improperly-filed amended complaint has only made consideration of the pending motions increasingly convoluted. Plaintiffs have not helped their cause by circumventing local and federal rules. Procedural rules are meant to be followed and are not discretionary guidelines to be followed at a party's whim.

The court reminds plaintiffs that if they choose to amend their complaint, they must comply with the requirements of Local Rule 15-1 and file a motion to amend, attaching the proposed amended complaint. Additionally, if the amended complaint is similarly deficient, the court may conclude that further leave to amend would be futile.

. . .

. . .

. . .

---

[6] Because the court has denied plaintiffs' motion for declaratory judgment for rescission of the purchase and sale agreement (doc. # 1-D), the court declines to hold a hearing on the issue. Thus, plaintiffs' motion for a hearing is denied. (Doc. # 27).

**James C. Mahan**
**U.S. District Judge**

- 8 -

**III.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED defendant LSREF2 APEX2 LLC's motion to dismiss (doc. # 5) be, and the same hereby is, GRANTED. Plaintiffs' fraud causes of action (fraudulent misrepresentation, fraudulent inducement, and fraudulent concealment) are dismissed without prejudice. Plaintiffs' other causes of action (rescission/cancellation, civil conspiracy, violation of NRS 645.252 *et seq.*, violation of NRS 645.635(2), breach of implied covenant of good faith and fair dealing, conversion, unjust enrichment, negligence, declaratory judgment NRS 30.010 *et seq.*, and punitive damages) are dismissed with prejudice.

IT IS FURTHER ORDERED that defendants Marcus & Millichap Real Estate Investment Services and Evan Griffith's motion for judgment on the pleadings (doc. # 10) be, and the same hereby is, GRANTED. Plaintiffs' fraud causes of action (fraudulent misrepresentation, fraudulent inducement, and fraudulent concealment) are dismissed without prejudice. Plaintiffs' other causes of action (rescission/cancellation, civil conspiracy, violation of NRS 645.252 *et seq.*, violation of NRS 645.635(2), breach of implied covenant of good faith and fair dealing, conversion, unjust enrichment, negligence, declaratory judgment NRS 30.010 *et seq.*, and punitive damages) are dismissed with prejudice.

IT IS FURTHER ORDERED that plaintiffs' motion for declaratory judgment (doc. # 1, Ex. 5) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiffs' motion for a hearing on plaintiffs' motion for declaratory judgment (doc. # 27) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that APEX 2's motion to strike plaintiff's reply in support of their motion for declaratory judgment (doc. # 28) be, and the same hereby is, GRANTED. The clerk of the court shall strike document # 26.

. . .

**James C. Mahan**
**U.S. District Judge**

- 9 -

IT IS FURTHER ORDERED that plaintiff's amended complaint (doc. # 17) be stricken from the docket for failure to comply with the federal and local rules. The clerk of the court shall strike document # 17.

DATED November 8, 2012.

/s/ James C. Mahan
UNITED STATES DISTRICT JUDGE