# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SHALOM AMAR, et al.,

    Plaintiff(s),

v.

LSREF 2 APEX 2, LLC, et al.,

    Defendant(s).

2:12-CV-969 JCM (RJJ)

## ORDER

Presently before the court is defendant LSREF2 Apex 2, LLC's ("Apex 2") motion for attorneys' fees and costs. (Doc. #36). Plaintiff did not file an opposition.

    **I.**    **Background**

This case arises out of several allegations related to plaintiffs' purchase of a 32-unit apartment building located at 589 Sierra Vista Drive, Las Vegas, Nevada (the "property"). As relief, plaintiffs sought to rescind the contract that governed the purchase of the property, which had a purchase price of $950,000.00. On June 7, 2012, Apex 2 removed the case to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. #1). On June 14, 2012, Apex 2 moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. #5). On November 8, 2012, the court granted Apex 2's motion to dismiss. (Doc. #33). Judgment was entered in favor of Apex 2 and against plaintiffs. (Doc. #34).

Apex 2 now moves to recover its attorneys' fees in the amount of $27,561.75 and taxable costs in the amount of $412.75 incurred in connection with this matter. (Doc. #36). Plaintiffs did

**James C. Mahan**
**U.S. District Judge**

not file an opposition.

## II.     Legal Standard

Federal Rule of Civil Procedure 54(d)(2)(B)(ii) provides that a motion for attorneys' fees must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." "A party moving for attorney's fees must therefore assert an independent source of authority for an award." *Gallagher v. Crystal Bay Casino, LLC*, no. 3:08-cv-00055, 2012 WL 1409244, at *2 (D. Nev. April 20, 2012).

In an action where a district court is exercising its subject matter jurisdiction over a state law claim, so long as "state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." *Alyeska Pipeline Serv. Co. V. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975) (quoting Moore's Federal Practice § 54.77[2] (2d ed. 1974)). N.R.S. §18.010(1) provides that, "the compensation of an attorney and counselor for his or her services is governed by agreement, express or implied, which is not restrained by law." "Nevada follows the American rule that attorney fees may not be awarded absent a statute, rule, or contract authorizing such award." *Thomas v. City of N. Las Vegas*, 122 Nev. 82, 90 (Nev. 2006).

## III.    Discussion

The court applies general rules of contract interpretation when interpreting a contract provision that provides for attorneys' fees. As such, the court "will not construe [an attorneys' fees contract] provision to have broader application." *Campbell v. Nocilla*, 101 Nev. 9, 12 (Nev. 1985). In *Campbell*, the Supreme Court of Nevada reversed a decision to award attorneys' fees to the respondent because the contract provision did not expressly allow for recovery under the circumstances presented. *Id.* The contract provision stated, "In case suit is brought to enforce this contract, I [appellants] agree to pay reasonable attorney's fees as the court may fix in said suit." *Id.* (edit in original). The court noted that the appellants' suit was not brought to enforce the terms of the contract; the suit had been brought for the purpose of indemnification. *Id.* Accordingly, the court reversed the award for damages. *Id.; see also First Commercial Title v. Holmes*, 92 Nev. 363 (Nev.

1976) (overturning an award for attorneys' fees when the action sought was to enjoin a trustee's sale, not the grounds mentioned in the provision – commencement of a suit for collection on the promissory note).

Here, Apex 2 argues that it is entitled to recover attorneys' fees pursuant to § 11.10 of the purchase agreement. (Doc. #36-1). Specifically, § 11.10 states:

> In the event it becomes necessary for either party hereto to file suit to enforce this Agreement or any provisions contained herein, the party prevailing in such suit shall be entitled to recover, in addition to all other remedies or damages, as provided herein, reasonable attorneys' fees and expense s incurred in such suit.

*See* Purchase Agreement, § 11.10. (Doc. #36-1).

Apex 2 construes this provision to mean that "the attorneys' fees and costs incurred by Apex 2 in defending itself against plaintiffs' . . . claims are recoverable pursuant to the purchase agreement." (Doc. #36). However, like *Campbell*, where the attorneys' fees contract provision did not expressly allow for recovery under the circumstances presented; here, § 11.10 does not allow for recovery under these circumstances. The plain language of the attorneys' fees provision states, "In the event it becomes necessary for either party to file suit to enforce this Agreement . . . ." (Doc. #36-1). Plaintiffs did not file suit to seek enforcement of the contract. Rather, plaintiffs filed suit seeking rescission of the contract. The attorneys' fees provision does not apply because it does not expressly allow for recovery when a party files suit seeking rescission of the contract. Therefore, the court cannot grant Apex 2's motion.

By Apex 2's own admission, this purchase agreement (doc. #36-1) is the contract that the parties entered into. Under the attorneys' fees contract provision of the agreement (doc. #36-1), recovery of attorneys' fees requires that the suit be filed to enforce the contract or its provisions. Had the suit sought enforcement of the contract and had Apex 2 prevailed, the attorneys' fees provision would have governed payment of fees Apex 2 now seeks.[1] Alternatively, had the provision provided for attorneys' fees to the prevailing party for *any* litigation involving the property, the

---

[1] Regardless, the court questions the admissibility of the purchase agreement because it is not signed by both parties.

**James C. Mahan**
**U.S. District Judge**

- 3 -

outcome would have been different. While the court acknowledges the cost and burden of defending against suit; the court cannot construe an agreement beyond the boundaries contemplated by the parties.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for attorneys' fees and costs (doc. # 36) be, and the same hereby, is DENIED.

DATED January 23, 2013.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -