UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SHALOM AMAR, et al.,

        Plaintiff(s),

v.

LSREF 2 APEX 2, LLC, et al.,

        Defendant(s).

2:12-CV-969 JCM (RJJ)

**ORDER**

Presently before the court is LSREF2 APEX 2, LLC's ("Apex 2") motion to reconsider attorneys' fees. (Doc. #38). Plaintiff Shalom Amar's ("Amar") responded (doc. #39), Apex 2 replied (doc. #40).

**1.    Procedural History**

On November 8, 2012, this court entered judgment in favor of Apex 2. (Doc. #33). On November 11, 2012, Apex 2 filed a motion for attorneys' fees based on an attorney's fees provision in the contract between the parties. (Doc. #36). On January 23, 2013, the court denied Apex 2's motion, holding that the contract provision did not expressly provide for recovery under the circumstances presented. (Doc. #37).

On February 20, 2013, Apex 2 filed a motion to reconsider the court's order denying attorney's fees, arguing that contrary opinions exist. (Doc. #38). On March 8, 2013, Amar filed a response. (Doc. #39). On March 18, 2013, Apex 2 filed a reply rearguing its position that reconsideration is proper. (Doc. #40).

**James C. Mahan**
**U.S. District Judge**

## 2. Legal Standard

"[M]otions for reconsideration may be brought under both Rules 59(e) and 60(b)." *Smith v. Clark County*, 2:09-CV-2142-RLH-LRL, 2011 WL 4007532, at *1 (D. Nev. Sept. 8, 2011) reconsideration denied, 2:09-CV-02142-RLH, 2012 WL 234643 (D. Nev. Jan. 25, 2012). "'Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Rule 59(e) allows motions to alter or amend a judgment. Fed. R. Civ. P. 59. "[A] postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (U.S. 1989) (quoting *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 451 (1982)). "'A motion for attorney's fees is unlike a motion to alter or amend a judgment. It does not imply a change in the judgment, but merely seeks what is due because of the judgment. It is, therefore, not governed by the provisions of Rule 59(e)." *White*, 455 U.S. at 452 (quoting *Knighton v. Watkins*, 616 F.2d 795, 797 (1980)). "[A] request for [attorneys' fees] raises issues wholly collateral to the judgment in the main cause of action . . . ." *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268 (U.S. 1988).

> Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only for: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. A motion for reconsideration is properly denied when it presents no arguments that were not already raised in its original motion. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.1985).

The Nevada Supreme Court Rules state "An unpublished opinion or order of the Nevada Supreme Court shall not be regarded as precedent and shall not be cited as legal authority except when the opinion or order is . . . relevant under the doctrines of law of the case, res judicata or collateral estoppel; . . . relevant to a criminal or disciplinary proceeding . . . ; or [ ]relevant to analysis

of whether recommended discipline is consistent with previous discipline orders appearing in the state bar publication." Nev. S.C.R. 123; s*ee also State v. Eighth Judicial Dist. Court*, 121 Nev. 225, 235 (Nev. 2005) (stating, "Our unpublished orders do not constitute precedent, and a party cannot cite them as legal authority.").

**3.    Discussion**[1]

Rule 59(e) motions will be considered when the movant asks the court to reconsider "matters properly encompassed in a decision on the merits." *Osterneck*, 489 U.S. at 174. However, a motion for attorneys' fees is not proper under 59(e) because the motion does not seek to alter the final judgment; it seeks what is due as a result of the judgment. *White*, 455 U.S. at 452. Apex 2 cannot bring a motion for reconsideration under Rule 59(e) because the motion for attorney's fees did not seek to alter the court's judgment ruling in favor of Apex 2.

Further, Apex 2's motion for reconsideration of attorneys' fees is not proper under Rule 60(b) either. Apex 2 argued that reconsideration is proper on the basis of mistake or advertence, implying the court based its judgment on law that had been reversed or vacated. (Doc. #40).

In this court's order denying the motion for attorney's fees (doc. #37), this court followed the rule in Nevada Supreme Court case, *Campbell v. Nocilla*, which held that "where a contract provision purports to allow attorney's fees in an action arising out of the terms of the instrument, we will not construe the provision to have broader application." 101 Nev. 9, 12 (Nev. 1985). This court held that the language of the contract contemplated actions for enforcement, not actions for rescission. (Doc. #37).  The court refused to broaden the attorneys' fees provision beyond the plain language of the provision. (*Id.*).   The court did not err by basing its judgment on *Campbell*. *Campbell* has not been reversed or vacated by any court. Moreover, "[t]he decision whether to award attorney's fees is within the sound discretion of the district court." *Thomas v. City of N. Las Vegas*, 122 Nev. 82, 90 (Nev. 2006). Therefore, a motion for reconsideration is not proper under Rule 60(b).

. . .

. . .

---

[1] As a preliminary matter, the court acknowledges its oversight in acknowledging that both parties had in fact signed the purchase agreement. The admissibility of the agreement is not in question.

James C. Mahan
U.S. District Judge

- 3 -

1    Apex 2 cited to *Cooney v. Goldberg*, 124 Nev. 1459 (2008) (unpublished), in support of its
2 argument that *Campbell* should not control this court's analysis. However, the Nevada Supreme
3 Court has made it clear that unpublished opinions, such as *Cooney*, are not precedent. *Eighth*
4 *Judicial Dist. Court*, 121 Nev. at 235.

5    Further, the facts of *Cooney* are distinguishable from this case. In *Cooney*, third party
6 defendants challenged the district court's exercise of discretion when it awarded attorneys' fees to
7 third party plaintiff based on a contractual provision. 124 Nev. 1459 at *1. In addition to defending
8 the action against them, the third party plaintiffs also attempted to bring their own claims under the
9 contract. *Id.* Under those circumstances, the court determined the attorneys' fees award was
10 appropriate. *Id.*

11    Here, Apex 2's defense was based on the validity of the agreement. However, unlike in
12 *Cooney*, at no time did Apex 2 seek to assert claims under the agreement. Therefore, the court finds
13 *Cooney* unpersuasive on two grounds: (1) it is an unpublished case and therefore not precedent, and
14 (2) the party seeking enforcement of the attorneys' fees provision in *Cooney* attempted to bring their
15 own claims under the contract.

16    To the extent that Apex 2 argues that this court's denial of attorneys' fees will create a world
17 in which plaintiffs can freely seek to rescind valid contracts with no repercussions—the court
18 disagrees. As this court mentioned in its previous order denying attorneys' fees (doc. #37), the court
19 will not broaden an attorneys' fees contract provision beyond the plain language of the provision.
20 If Apex 2 intended that the contract provision allow for recovery of attorneys' fees in this
21 circumstance, *then it should have drafted the plain language as such*. The court will not contemplate
22 what the parties must have intended when they entered into the contract besides that clearly stated
23 in the contract.

24    Last, Apex 2 has failed to show that there is any new evidence, an intervening change in law,
25 or that the court's decision was clearly erroneous or manifestly unjust. *Nunes v. Ashcroft*, 375 F.3d
26 805, 807 (9th Cir. Cal. 2003).

27
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

**4.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for attorney's fees and costs (doc. # 38) be, and the same hereby, is DENIED.

DATED March 25, 2013.

*[signature]*
_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -